**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**
No. 96-11139
(Summary Calendar)

JAMES E NOBLES,

                                    Plaintiff-Appellant,

versus

HOWARD THRASHER; MARY MENOZ, Parole Board;
JAMES A COLLINS; RAY PARRA; LEWIS, Parole,

                                    Defendants-Appellants.

_____

Appeal from the United States District Court
For the Northern District of Texas
(3:96-CV-1950-G)
_____

January 8, 1997

Before DAVIS, EMILIO M. GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

James E. Nobles, a state prisoner, intended to appeal *in forma
pauperis* the district court's dismissal of his civil rights action
as frivolous.  We find that the Prison Litigation Reform Act of
1995 ("PLRA"), enacted April 26, 1996, bars Nobles's *in forma*

---

[*]     Pursuant to Local Rule 47.5, the Court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in Local Rule 47.5.4.

*pauperis* appeal; accordingly, we dismiss his appeal without prejudice.

Section 1915(g) of the PLRA provides that a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Since August 27, 1996, well after enactment of the PLRA, the United States District Court for the Northern District of Texas has dismissed nine of Nobles's prisoner actions for frivolousness. *See Nobles v. Rodriguez*, No. 3-96-CV-2544-P (N.D. Tex. Nov. 26, 1996); *Nobles v. Thrasher*, No. 3-96-CV-2539-D (N.D. Tex. Oct. 22, 1996); *Nobles v. Johnson*, No. 3-96-CV-2543-D (N.D. Tex. Oct. 22, 1996); *Nobles v. Thrasher*, No. 3-96-CV-2546-X (N.D. Tex. Oct. 7, 1996); *Nobles v. Rodriguez*, No. 3-96-CV-2545-G (N. D. Tex. Oct. 2, 1996); *Nobles v. Johnson*, No. 3-96-CV-2540-R (N.D. Tex. Sept. 30, 1996); *Nobles v. Johnson*, No. 3-96-CV-1948-R (N.D. Tex. Aug. 29, 1996); *Nobles v. Rodriguez*, No. 3-96-CV-1949-X (N.D. Tex. Aug. 27, 1996); *Nobles v. Thrasher*, No. 3-96-CV-1950-G (N.D. Tex. Aug. 27, 1996). The instant appeal is Nobles's only current appeal from these dismissals; indeed, Nobles has waived appeal of the dismissal of

seven of the eight other suits because the time for appeal has expired with respect to each of those cases. *See* FED. R. APP. P. 4(a)(1) (notice of appeal in civil case to be filed with clerk of district court within thirty days after date of entry of judgment or order appealed). As a result, Nobles has accumulated more than three qualifying dismissals under § 1915(g).

Thus, Nobles cannot pursue the instant appeal *in forma pauperis*; moreover, he may not while incarcerated proceed *in forma pauperis* in any future civil actions or appeals in any federal court unless he is "under imminent danger of serious physical injury." Nobles may, of course, pursue civil actions in federal court at his own expense.

Accordingly, we dismiss the instant appeal without prejudice to Nobles's pursuing it after payment of the applicable fee(s) within thirty days of entry of this order. We order Nobles to submit a copy of this order with any future civil complaint or appeal he submits to any federal court while incarcerated. APPEAL DISMISSED.